UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

WILLIAM NAGLER, M.D.,

    Plaintiff,

vs.

DR. JAY GARCIA and
DR. JAY GARCIA, M.D, P.C.,

    Defendants.

Eastern District of Michigan
Case No.:   05-74007
Hon. Gerald E. Rosen

_____/

## NON-PARTY, EDWARD KALOUST'S MOTION FOR PROTECTIVE ORDER

Non-party witness, Edward Kaloust ("Kaloust"), through his undersigned counsel, and pursuant to Fed. R. Civ. P. 26(c), hereby moves for a protective order with regard to the Subpoena in a Civil Case with which he was served on or about September 7, 2006, and states:

    1.    On or about September 7, 2006, Kaloust was served with a Subpoena in a Civil Case, a copy of which is attached hereto as Exhibit "A," which purports to command him to appear in Tampa, Florida on September 13, 2006 at 9:30 a.m. and to have with him certain documents described in the Subpoena.

    2.    Kaloust will not be in Tampa on September 13, 2006, but will be in Providence, Rhode Island on a pre-planned family trip.

    3.    This case has been pending in the Eastern District of Michigan for approximately a year and the discovery cut-off in this case passed more than two months ago. See Dkt # 19, a copy of which is attached hereto as Exhibit "B." The parties had

ample opportunity, should they have chosen to do so, to take Kaloust's deposition within the time frame set forth by Judge Rosen's scheduling orders.

4. By order dated August 3, 2006 (Dkt. # 24, a copy of which is attached hereto as Exhibit "C"), Judge Rosen denied the parties' "extremely untimely" joint motion to extend the discovery cut-off. The parties' failed "to explain why a timely request would not have been possible." (Dkt. # 24, Page 2 of 3). Although Judge Rosen indicated that the parties "remain free to proceed with their apparent agreement to engage in certain additional discovery efforts," he did not leave the parties free to force non-parties to participate in such efforts after the discovery cut-off, and specifically admonished the parties that "they merely have surrendered their opportunity to seek the Court's intervention should a dispute arise in the course of these efforts." (Dkt. # 24, Page 2 of 3).

5. In an abundance of caution, although it appears from Judge Rosen's order of August 2, 2006 that the Plaintiff cannot seek judicial intervention to compel the attendance of non-party Kaloust to an untimely deposition, Kaloust moves for a protective order pursuant to Fed. R. Civ. P. 26(c).

### Brief/Memoranda

Pursuant to Fed. R. Civ. P. 26 (c):

> Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, **the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken** may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) that the ... discovery not be had; [or] (2) that the ... discovery may be had only on specified terms and

TPA:460845:1

conditions, including a designation of the time or place... (emphasis added).

## Certification

Kaloust's undersigned Tampa, Florida counsel, Donald A. Mihokovich, Esq.[1] contacted counsel for plaintiff who issued the subpoena, William J. Cook, Esq., explained the nature of the motion or request and its legal basis, but was not able to obtain concurrence in the relief sought. Mr. Cook informed the undersigned that he would have to speak with Michigan counsel regarding the matter, but that he was out of the office and not able to talk this week.

Mr. Mihokovich also spoke with William Goines, counsel for defendants Jay Garcia and Jay Garcia, M.D., P.C. who informed Mr. Mihokovich that the deposition was not cleared with him, that he was unavailable for the deposition to take place in Tampa next week, and that he may be filing his own motion for protective order with the Eastern District of Michigan, the court in which the underlying case is pending.

WHEREFORE, non-party Edward Kaloust, moves that the deposition not be had, or in the alternative, if this Court intends to allow the parties to continue to issue discovery subpoenas long after the discovery cut-off, that the discovery be rescheduled to a date and time when the deponent and his counsel are available.

---

[1] Mr. Mihokovich is admitted to practice in the district of issuance of the subpoena, the Middle District of Florida, but is not admitted to practice in the Eastern District of Michigan.

TPA:460845:1

Dated: September 8, 2006

*[signature]*
DONALD A. MIHOKOVICH, ESQ.
Florida Bar No. 0858447
Attorney for Non-Party Edward Kaloust
RUDEN, McCLOSKY, SMITH,
 SCHUSTER & RUSSELL, P.A.
401 East Jackson Street – 27th Floor
Tampa, Florida 33602
Phone:(813)221-8027/Fax:(813) 229-9128
E-Mail:  Don.Mihokovich@Ruden.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 8, 2006, I filed the foregoing document with the Clerk of the Court, United States District Court, Middle District of Florida. I further certify that I have provided the foregoing document by U.S. Mail and by e-mail to Marvin L. Berris, Esq., 30400 Telegraph Rd., Suite 100, Bingham Farms, MI 48025 mlberris@comcast.net; Brian A. Nettleingham, Esq., Maddin, Hauser, 28400 Northwestern Highway, Third Floor, Southfield, MI 48034 ban@maddinhauser.com; David E. Hart, Esq., Maddin, Hauser, 28400 Northwestern Highway, Third Floor, Southfield, MI 48034 deh@maddinhauser.com and William J. Goines, Esq., Greenburg, Traurig, 1900 University Ave., Fifth Floor, East Palo Alto, CA 94303 goinesw@gtlaw.com.

*[signature]*
DONALD A. MIHOKOVICH, ESQ.
Florida Bar No. 0858447
Attorney for Non-Party Edward Kaloust
RUDEN, McCLOSKY, SMITH,
 SCHUSTER & RUSSELL, P.A.
401 East Jackson Street – 27th Floor
Tampa, Florida 33602
Phone: (813) 221-8027/Fax: (813) 229-9128
E-Mail:  Don.Mihokovich@Ruden.com

TPA:460845:1

PAGE 2/6 • RCVD AT 9/7/2006 2:02:20 PM [Eastern Daylight Time] • SVR:FTLMWES1/7 • DNIS:6953 • CSID: • DURATION (mm-ss):02-18

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA

William Nagler, M.D., Plaintiff,

v.

Dr. Jay Garcia, et al., Defendants.

**SUBPOENA IN A CIVIL CASE**

Case No:[1] 2:05 cv 74007
Eastern District of Michigan

TO: Edward Kaloust
921 Seddon Cove Way, Tampa, FL 33602 (813) 226-4279

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| Sciafani Williams, 101 E. Kennedy Blvd, Ste. 1970, Tampa, FL 33602 | 09/13/06  09:30 am |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attached Notice of Deposition and Notice to Produce Documents

| PLACE | DATE AND TIME |
| --- | --- |
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR | DATE |
| --- | --- |
| /s/ Attorney for Plaintiff | 09/06/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
William J. Cook, Esquire    (813) 489-1001
Barker, Rodems & Cook, P.A., 400 N. Ashley Dr., Ste. 2100, Tampa, FL  33602

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.
AO88 (Rev. 1/94) Subpoena in a Civil Case

**EXHIBIT A**

p.2   Sep 07 06 02:03p

PAGE 4/6 * RCVD AT 9/7/2006 2:02:20 PM [Eastern Daylight Time] * SVR:FTLWEB1/7 * DNIS:8953 * CSID: * DURATION (mm-ss):02-18

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

PAGE 5/6 * RCVD AT 9/7/2006 2:02:20 PM [Eastern Daylight Time] * SVR:FTLWEB1/7 * DNIS:9953 * CSID: * DURATION (mm-ss):02-18

**TO: ALL ATTORNEYS OF RECORD**

**PLEASE TAKE NOTICE** that on Wednesday, September 13, 2006 commencing at 9:30 a.m. and continuing thereafter from time to time until completed, the Plaintiff, William Nagler, M.D., by his attorney, Marvin L. Berris, will take the deposition of Edward Kaloust. The deposition will be taken pursuant to the Federal Rules of Civil Procedure and may be used for all purposes as provided by said rules.

The deposition will be taken at:

Scalafani Williams Court Reporters, Inc.
Tampa Office:
Bank of America Building
101 E. Kennedy Blvd, Suite 1970
Tampa Florida 33602
(813) 223-7321
(800) 828-0405

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Federal Rules of Civil Procedure, the witness is to produce at the time of the taking of his deposition the following documents:

1. Any and all written materials and other types of information, including projections, business plans, rough drafts of agreements that were provided to you by Dr. Garcia concerning the weight loss business.

2. Any and all records of any materials that you furnished to others received from Dr. Jay Garcia, concerning the practice of weight

3. Any contracts, proposals, rough drafts of contracts or agreements between yourself and Dr. Garcia to go into the weight loss business.

2

PAGE 6/6 • RCVD AT 9/7/2006 2:02:20 PM [Eastern Daylight Time] • SVR:FTLWEB1/7 • DNIS:6953 • CSID: • DURATION (mm-ss):02-18

4.  Any records of any meetings that you had with Dr. Garcia where the subject of weight loss was discussed.

5.  The list of the proposed doctors who you indicated may be interested in this type of practice, ie., weight loss.

Dated: September 1, 2006

---

MARVIN L. BERRIS (P10751)
Attorney for Plaintiff
30400 Telegraph Road, Suite 100
Bingham Farms, MI 48025
(248) 203-0100
Fax: (248) 203-1301
E-mail: mlberris@comcast.net

# PROOF OF SERVICE

On September 1, 2006 the undersigned did serve a copy of the above Notice of Taking Depositions and for the Production of Documents for Inspection and Copying upon the attorney for the defendants by fax to his office and by U.S. Mail with First Class Postage fully prepaid, addressed to the attorney for the defendants at the address as appears in the records of this cause.

---

Marvin L. Berris

3

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

WILLIAM NAGLER, M.D.,

      Plaintiff,

v.

      Case No. 05-74007
      Hon. Gerald E. Rosen

DR. JAY GARCIA and
DR. JAY GARCIA, M.D., P.C.,

      Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S
## MOTION TO ADJUST SCHEDULING ORDER DATES

      At a session of said Court, held in
      the U.S. Courthouse, Detroit, Michigan
      on June 7, 2006

      PRESENT:  Honorable Gerald E. Rosen
                        United States District Judge

By motion filed on April 20, 2006, Plaintiff seeks a 60-day extension of the various deadlines set forth in the December 7, 2005 scheduling order that governs this action. Plaintiff states that defense counsel has concurred in this request. Having reviewed Plaintiff's motion and the record as a whole, and being otherwise fully advised in the premises,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's April 20, 2006 Motion to Extend Discovery and Adjust Scheduling Order Dates is GRANTED. IT IS FURTHER ORDERED that the Court's December 7, 2005 scheduling order is



EXHIBIT B

AMENDED to extend the relevant deadlines by *sixty (60) days,* as follows:

| | |
|---|---|
| Preliminary Witness Lists: | 6/16/2006 |
| Discovery Cut-Off: | 6/30/2006 |
| Non-Expert Final Witness Lists: | 7/14/2006 |
| Dispositive Motions: | 7/31/2006 |
| Proposed Joint Final Pretrial Order: | 11/22/2006 |
| Final Pretrial Settlement Conference: | Thursday, 11/30/2006 at 11:30 a.m. |
| Trial: | December 2006 |

In all other respects, the December 7, 2005 scheduling order remains in full force and effect.

                                              s/Gerald E. Rosen
                                              Gerald E. Rosen
                                              United States District Judge

Dated: June 7, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 7, 2006, by electronic and/or ordinary mail.

                                              s/LaShawn R. Saulsberry
                                              Case Manager

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM NAGLER, M.D.,

      Plaintiff,

v.

                                  Case No. 05-74007
                                  Hon. Gerald E. Rosen

DR. JAY GARCIA and
DR. JAY GARCIA, M.D., P.C.,

      Defendants.
_____/

### ORDER GRANTING IN PART JOINT
### MOTION TO ADJUST SCHEDULING ORDER DATES

      At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on _____August 3, 2006_____

      PRESENT:  Honorable Gerald E. Rosen
                         United States District Judge

By joint motion filed on July 27, 2006, the parties seek an additional 60-day extension of the various deadlines set forth in the December 7, 2005 scheduling order that governs this action, beyond the 60-day extension previously granted by the Court in a June 7, 2006 order. As grounds for this request, the parties cite their agreement to attempt to resolve this suit via a facilitation scheduled for September 19, 2006, and they express their shared belief that it would be counterproductive to file dispositive motions prior to this scheduled facilitation date.[1] Having reviewed the parties' motion and the

---

[1] Notably, while the parties cite difficulties in scheduling this facilitation as the principal basis for seeking an extension, they offer little explanation as to how these or other difficulties



record as a whole, and being otherwise fully advised in the premises,

NOW, THEREFORE, IT IS HEREBY ORDERED that the parties' July 27, 2006 Joint Motion to Extend Discovery and Adjust Scheduling Order Dates is GRANTED IN PART. IT IS FURTHER ORDERED that the Court's December 7, 2005 scheduling order, as previously amended, is further AMENDED to extend certain dates by *sixty (60) days,* as follows:

| | |
|---|---|
| Dispositive Motions: | 9/29/2006 |
| Proposed Joint Final Pretrial Order: | 1/19/2007 |
| Final Pretrial Settlement Conference: | Thursday, 1/25/2007 at 11:00 a.m. |
| Trial: | February 2007 |

In all other respects, the December 7, 2005 scheduling order, as amended, remains in full force and effect.

Dated: August 2, 2006

s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

---

might have contributed to their inability to complete discovery within the already-extended period granted by the Court. In addition, the present request for an extension of the discovery period is extremely untimely, coming nearly a month *after* the current discovery cut-off date of June 30, 2006, and the parties have not endeavored to explain why a timely request would not have been possible. Accordingly, to the extent that the parties seek an extension of the discovery period, the Court denies this request as untimely and insufficiently justified. Nonetheless, the parties remain free to proceed with their apparent agreement to engage in certain additional discovery efforts prior to the scheduled facilitation date — they merely have surrendered their opportunity to seek the Court's intervention should a dispute arise in the course of these efforts.

2

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 3, 2006, by electronic and/or ordinary mail.

                s/V. Sims for LaShawn R. Saulsberry
                Case Manager