UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**WILLIAM NAGLER, M.D,**

    **Plaintiff,**

v.                                  **Case No. 8:06-mc-83-T-23TBM**[1]

**DR. JAY GARCIA and**
**DR. JAY GARCIA, M.D., P.C.,**

    **Defendants.**
_____/

**O R D E R**

THIS MATTER is before the court on **Non-party Edward Kaloust's Motion for Protective Order** (Doc. 1). By his motion, Mr. Kaloust seeks an Order, pursuant to Fed. R. Civ. P. 26(c), prohibiting Plaintiff from taking his deposition on September 13, 2006, in Tampa, Florida. As grounds, he asserts that the subpoena, which was served on September 7, 2006, is untimely as the discovery period in the Michigan litigation ended on June 30, 2006; the judge in that case denied the parties' August 3, 2006, joint request to extend discovery on the basis that it was "extremely untimely;" and the judge noted that although the parties agreed to engage in additional discovery efforts, they had surrendered their opportunity to seek the court's intervention should a dispute arise. Mr. Kaloust also indicates that he will be on a preplanned family vacation on September 13, 2006. In the alternative, he requests that the

---

[1] This case is currently pending in the United States District Court, Eastern District of Michigan, Southern Division, Case No. 05-74007, before the Honorable Gerald E. Rosen.

deposition be rescheduled to a date and time when he and his attorney are available. Plaintiff has not yet filed a response in opposition.

Upon consideration, the court finds that the motion may be resolved without a response. The subpoena issued on September 6, 2006, and served on Mr. Kaloust on September 7, 2006, is untimely. As Mr. Kaloust notes, the discovery period in the underlying litigation concluded on June 30, 2006, and Judge Rosen declined to further extend the discovery cut-off. See (Doc. 1, Exs. B-C). Moreover, a party seeking to take the deposition of any person must give reasonable notice in writing to every other party to the action. Fed. R. Civ. P. 30(b)(1). While the word "reasonable" is not defined, this court has determined that a party *shall* give at least ten (10) days notice in writing when noticing a deposition. See M.D. Fla. R. 3.02(a). Accordingly, **Non-party Edward Kaloust's Motion for Protective Order** (Doc. 1) is **GRANTED**. The deposition referenced therein and scheduled on September 13, 2006, shall not proceed.

**Done and Ordered** in Tampa, Florida, this 11th day of September 2006.

_____
THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:
Counsel of Record